DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Wood County Court of Common Pleas. The facts giving rise to this appeal are as follows.
On September 16, 1998, appellant, Elwood Burton, was indicted on one count of theft, a violation of R.C. 2913.02 and a fifth degree felony. On June 10, 1999, a hearing was held and the prosecutor stated as follows:
 "It's my understanding the defendant will be entering a plea of guilt to the charge of theft, a felony of the fifth degree. In exchange for that, at the time of sentencing the state will not be recommending a prison sentence, will be recommending community control sanctions and restitution of approximately $8,500."
Pursuant to Crim.R. 11, the trial judge made inquiries of appellant before accepting his plea. Sentencing was scheduled for July 27, 1999.
On July 23, 1999, appellant filed a motion to continue his sentencing date. Appellant sought a continuance until August 30 because he had been involved in a car accident in Florida and his doctor recommended that he not travel to Ohio. The trial court granted his motion.
On September 7, 1999, the trial court issued the following order:
 "This matter in court on the 30th day of August 1999 upon Defendant's counsel, Walter Meneses, Public Defender, informing the Court that Mr. Burton is still unable to travel. Also present in Court was Gwen Howe-Gebers, Assistant Prosecutor.
 "It is hereby ordered that sentencing is continued until September 13, 1999 at 2:30 p.m. The Court will require more specific information regarding Defendant's injuries and/or inability to travel in determining if any further continuances will be granted."
On September 13, 1999, a hearing was held but appellant was not present. Appellant's counsel had informed the prosecutor that appellant was in Florida. The prosecutor asked that an arrest warrant be issued for appellant given the fact that appellant had not contacted the court or provided documentation supporting his claim that he could not travel. The court granted the prosecutor's request. Shortly thereafter, appellant was arrested and his sentencing was scheduled for December 30, 1999.
At the December 30, 1999 sentencing hearing, the prosecutor announced that she would not participate in the prior plea agreement with appellant because appellant did not "uphold his end of the deal." Specifically, the prosecutor stated she would no longer recommend community control with restitution for appellant because he took advantage of the court in asking for a second continuance and because the medical documentation he ultimately provided showed he suffered from nothing more than aches and pains. In sum, the prosecutor stated that appellant purposely engaged in avoidance tactics. The prosecutor then left appellant's sentence to the discretion of the court. Appellant's counsel objected to the prosecutor's remarks regarding the plea agreement.
Appellant was sentenced to three years of community control and one hundred thirty-one days in jail. Appellant now appeals setting forth the following assignments of error:
 "I. THE STATE SHOULD BE FOUND TO HAVE BREACHED THE TERMS OF A NEGOTIATED PLEA AGREEMENT, AND APPELLANT'S PLEA, BASED ON THAT AGREEMENT, SHOULD BE FOUND TO BE INVOLUNTARY AS A CONSEQUENCE OF THE STATE'S BREACH.
 "II. APPELLANT IS ENTITLED TO SPECIFIC PERFORMANCE OF THE NEGOTIATED PLEA AGREEMENT, OR IN THE ALTERNATIVE, AN OPPORTUNITY TO WITHDRAW HIS GUILTY PLEA."
 "III. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE CONSTITUTION OF THE STATE OF OHIO."
Appellant's first two assignments of error will be addressed together. In his first assignment of error, appellant contends that the state breached the terms of appellant's negotiated plea agreement. In his second assignment of error, appellant contends that the court should have remedied the breach.
"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promises must be fulfilled." Santobello v. New York (1971), 404 U.S. 257, 262,30 L.Ed.2d 427, 92 S.Ct. 495.
In this case, appellee did not condition the plea agreement on appellant's cooperation. Appellee simply stated on the record that in exchange for appellant's plea of guilt, she would recommend community control in lieu of jail time. Appellee also signed a written document agreeing to recommend community control rather than a prison sentence. Appellee breached the terms of the plea agreement.
However, appellant has not been prejudiced as sentencing is either within the trial court's discretion or determined by statute. State v. Walker (May 7, 1999), Lucas App. No. L-98-1210, unreported. Moreover, appellant signed a plea agreement which stated "[I] understand that any recommendations are not binding on the Court and that no promises or guarantees as to sentence have been made to me." Appellant's first and second assignments of error are found not well-taken.
In his third assignment of error, appellant contends he was denied effective assistance of counsel. Specifically, appellant contends that his counsel was not vigorous enough in objecting to the prosecutor's breach of the plea agreement. Based on our disposition of appellant's first two assignments of error, appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Common Pleas Court is affirmed. Costs assessed to appellant.
Melvin L. Resnick, J., James R. Sherck, J. Mark L. Pietrykowski,J., JUDGES CONCUR.
 _________________________ RESNICK, M. L., J.